IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATAN NAIDER<br>2467 Greenland Court<br>Bensalem, PA 19020     : <br>     :<br>   Plaintiff,     :<br>    :<br>v.     :<br>    :<br>A-1 LIMOUSINE, INC.     :<br>2 Emmons Drive     :<br>Princeton, NJ 08540     :<br>    :<br>   Defendant.     : | CIVIL ACTION<br><br>No. 14-2212<br><br><br><br>**COLLECTIVE ACTION ON**<br>**BEHALF OF PLAINTIFF AND ALL**<br>**SIMILARLY SITUATED PERSONS** |

**FIRST AMENDED COLLECTIVE ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, on behalf of himself and all employees/former employees who are similarly situated to him hereby bring this collective action against Defendant:

**I. INTRODUCTION**

1. This action has been initiated by Natan Naider (hereinafter referred to as "Plaintiff," unless indicated otherwise) to redress violations by A-1 Limousine, Inc. (hereinafter referred to as "Defendant," unless indicated otherwise) of the Fair Labor Standards Act ("FLSA - 29 U.S.C. 201, *et. seq*.) and applicable state law(s). Plaintiff asserts that Defendant failed to pay him overtime compensation along with all employees/former employees who are similarly situated to him and who also worked in non-supervisory positions for any of Defendant's locations.

## II. JURISDICTION AND VENUE

2.  This action is initiated pursuant to a federal law. The United States District Court for the District of New Jersey has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3.  This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.  Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is a resident of this district and substantially all of the acts or omissions giving rise to this suit took place in this district.

## III. PARTIES

5.  The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.  Plaintiff is an adult individual, with an address as set forth in the caption.

7.  Defendant is a domestic for-profit company in the business of providing private limousine services.

8.  At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV. FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was hired by Defendant in or about July 18, 2008 as a limousine driver.

11. Aside from a several month hiatus in or about fall of 2013, Plaintiff has been continuously employed by Defendant as a limousine driver.

12. The putative collective class of plaintiffs to this collective action consists of employees who worked for Defendant going back three (3) years from the date of Plaintiff's initial Complaint.

13. Plaintiff (as well as the putative collective class of plaintiffs) works for Defendant performing routine shuttle services, limousine driving, and other local (intrastate) transportation services, consisting solely of non-exempt functions.

14. The putative collective class of plaintiffs to this collective action consists of employees who worked for Defendant in the same or similar capacity as Plaintiff: providing limousine services consisting of solely non-exempt functions.

15. Plaintiff (as well as the putative collective class of plaintiffs) has worked overtime (more than 40 hours per week) in nearly all of the weeks he has been employed by Defendant, although he was not compensated for same.

16. Plaintiff (as well as the putative collective class of plaintiffs) averages between 10 and 25 hours of overtime per week (hours in excess of 40 hours per week), although he is only ever compensated at his base hourly rate (as opposed to one and one half times his hourly rate, as required by law).

17. Plaintiff is compensated at a rate of $7.50 per hour, regardless of the amount of hours worked. *See, e.g.* one of Plaintiff's pay checks, attached hereto as "Exhibit A." Upon information and belief, current and former employees have been denied overtime on their based hourly rate in the same and/or similar position in which Plaintiff has been employed.

18. Plaintiff (as well as the putative collective class of plaintiffs) receive additional compensation *labeled* "gratuities," but these gratuities are in actuality flat fees / service charges that are built into the contracts between Defendant and its clients (rendering Defendant with a further unlawful alleged tip policy through state and federal law(s)).

19. Defendant has setup and perpetrated many practices with the intent to deceive employees, including Plaintiff (and all other similarly situated employees and former employees), as to their compensation. Defendant intentionally and knowingly violated state and federal wage and overtime laws and continues to do so. For example:

   a. Defendant failed to pay Plaintiff, as well as the putative collective class of plaintiffs, time and one half for all hours that he worked in excess of 40 hours a week;

   b. Defendant paid Plaintiff, as well as the putative collective class of plaintiffs, a service charge (labeled a tip) in an attempt to deceive Plaintiff into believing that he was a tipped employee (under an unlawful alleged tip policy) even though he did not work in a job where he customarily received tips as defined by 29 CFR 531.50(b);[1] and

---

[1] *See* 29 CFR 531.52 ("Whether a tip is to be given, and its amount, are matters determined solely by the customer, who has the right to determine who shall be the recipient"). Rates built into contracts with customers are not tips, they are service charges or additional fees that render an alleged tip policy unlawful.

4

    c.    Plaintiff, as well as the putative collective class of plaintiffs, were never paid time and one half of their hourly pay, which even tipped employees are entitled to when they work in excess of forty (40) hours per week.

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Overtime Compensation)
- Collective Action -

20.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

21.    At all times relevant herein, Defendant has and continues to be an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

22.    At all times relevant herein, Defendant to this Action was responsible for paying wages to Plaintiff and all other similarly situated current and former employees.

23.    At all times relevant herein, Plaintiff, and others like him, were employed with Defendant as "employee[s]" within the meaning of the FLSA.

24.    The FLSA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

25.    At all times during their employment with Defendant, Plaintiff, as well as the putative collective class of plaintiffs were "non-exempt" employees within the meaning of the FLSA.

26.    Throughout Plaintiff's employment with Defendant, Plaintiff was paid an hourly rate of $7.50 per hour.

27.    Plaintiff worked in excess of 40 hours per week nearly every week he worked for Defendant.

28. Defendant did not (and has not) paid Plaintiff a rate of time and one half for hours he worked beyond 40 hours per week.

29. Upon information and belief, the putative collective class of plaintiff have not been paid a rate of time and one half for hours they worked beyond 40 hours per week.

30. As Plaintiff is not a tipped employee as a matter of law, his base pay includes any charges and additional fees that are paid to him, and he is owed time and one half on any hourly pay and gratuities that were earned in excess of 40 hours per week.

31. The manner in which Plaintiff (as well as the putative collective class of plaintiffs) was paid is illegal even if he were truly a tipped employee (which he is not), as Plaintiff was paid the same hourly rate of $7.50 even when those hours were in excess of 40 hours per week and never received 1.5 times that hourly rate.

32. These actions as aforesaid constitute violations of the FLSA, and they were willfully subjecting Defendant to liquidated damages.

33. Pursuant to the FLSA, Plaintiff and all similarly situated employees or former employees are entitled to unpaid overtime compensation going back to three years for the date of this Complaint.

34. Plaintiff therefore seeks all remedies permitted under the FLSA for unpaid overtime compensation, as well as penalties, costs, fees and interest.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting overtime violations;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff and all other similarly situated past and present employees whole for any and all pay and benefits

Plaintiff and putative Plaintiffs would have received had it not been for Defendant's wrongful actions, including but not limited to back pay and other penalties permitted by law.

C.  Plaintiff and Putative Plaintiffs are to be awarded liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.  Plaintiff and Putative Plaintiffs are to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E.  Plaintiff and Putative Plaintiffs are to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

F.  This case shall be tried by a jury as permitted by law, as Plaintiff and Putative Plaintiffs seek and demand same.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_____
Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: June 25, 2014