**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NATAN NAIDER<br><br>Plaintiff,<br><br>v.<br><br>A-1 LIMOUSINE, INC.<br><br>Defendant. | CIVIL ACTION<br>No.: 14-2212 |

ORDER

**AND NOW,** this ______ day of ____________, 2014, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Fed. Rule Civ. P. 12(b)(6) and Plaintiff's Response in Opposition thereto, it is hereby **ORDERED** that Defendant's Motion is **DENIED**.

___________________________________
**The Hon. Freda L. Wolfson, U.S.D.J.**

## TABLE OF CONTENTS


I. Introduction....................................................................................................1

II. Factual Background....................................................................................2

III. Standard of Review for Motions Pursuant to Fed. R. Civ. P. 12(b)(6)..............................3

IV. Legal Argument..........................................................................................4

A. Collective Actions under the FLSA..................................................................4

B. Plaintiff's putative collective..............................................................................5

V. Conclusion......................................................................................................7

# TABLE OF AUTHORITIES

## Cases

*Abercrombie v. Ridge*, 2009 U.S. Dist. LEXIS 102533, at **15-16 (W.D. Pa. 2009)....................6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)....................3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)....................3

*Braunstein v. Eastern Photographic Laboratories*, Inc., 600 F.2d 335 (2d Cir. 1978)....................4

*Burkhart-Deal v. Citifinancial, Inc.*, 2010 U.S. Dist. LEXIS 9534, 8-9 (W.D. Pa. 2010)....................6

*Chabrier v. Wilmington Fin., Inc.*, 2006 U.S. Dist. LEXIS 90756 (E.D. Pa. 2006) ....................4

*Evancho v. Sanofi-Aventis U.S. Inc.*, 2007 U.S. Dist. LEXIS 93215, 7 (D.N.J. 2007)....................6

*Fullman v. Pennsylvania Dept. of Corrections*, 265 Fed. Appx. 44 (3d Cir. 2008)....................3

*Jacobsen v. Stop & Shop Supermarket Co.*, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. 2003)..........4

*Lawrence v. City of Philadelphia*, 2004 U.S. Dist. LEXIS 8445 (E.D. Pa 2004) ....................4

*Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)....................4

*Maynor v. Dow Chem. Co.*, No. 7-504, 2008 U.S. Dist. LEXIS 42488, at *25 (S.D. Tex. 2008) ..6

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)....................3

*Pereira v. Foot Locker, Inc.*, No. 7-2157, 261 F.R.D. 60, 2009 U.S. Dist. LEXIS 84022, at **17-18 (E.D. Pa. 2009) ....................6

*Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)....................3, 7

*Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 375 n. 7 (3d Cir. 2002)....................3

*Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)....................5

*Thiessen v. General Electric Capital Corp.*, 996 F. Supp. 1071, 1080 (D. Kan. 1998)....................5

*Titchenell v. Apria Healthcare Inc.*, 2011 U.S. Dist. LEXIS 129475 (E.D. Pa. 2011) ....................4

*Tucker v Labor Leasing*, 872 F Supp 941 (M.D. Fla. 1994) ....................4

*Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527 (3d Cir. 2012)....4

*Zavala v. Wal-Mart Stores, Inc.*, 2010 U.S. Dist. LEXIS 63530, 4-6 (D.N.J. 2010)....5

**Statutes**

29 U.S.C. § 216(b)....4

**Rules**

Fed. R. Civ. P. 8(a)(2)....3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| NATAN NAIDER<br><br>Plaintiff,<br><br>v.<br><br>A-1 LIMOUSINE, INC.<br><br>Defendant. | : | CIVIL ACTION<br>No.: 14-2212 |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, by and through his undersigned counsel, hereby responds as follows to Defendant's Motion to Dismiss:

## I. Introduction

Defendant's Motion to Dismiss mischaracterizes the allegations of Plaintiff's complaint and burdens this court with frivolous motion practice. Plaintiff has brought a collective action under the Fair Labor Standards Act ("FLSA"). The FLSA requires that putative collective be "similarly situated." Plaintiff repeatedly points to characteristics of the putative collection throughout the entire motion, although Defendant only cites the most general allegations in its motion as a clear attempt to mislead this Court.

Specifically, Plaintiff points to a specific pay practice that violates the FLSA. Plaintiff also clearly limits the collective to individuals who are paid by Defendant's illegal pay practice. Defendant's Motion utterly ignores these allegations and claims that one is only left to guess about the size and scope of putative collective. Plaintiff has alleged the class with sufficient specificity: all those who were paid in the same illegal manner as Plaintiff.

Defendant cannot foreclose a collective action before Plaintiff has filed a motion for condition certification and ***before discovery has even begun*** simply because Plaintiff does not know the reach of Defendant's illegal pay policy. Plaintiff has clearly identified an illegal pay practice that is shared by the putative collective, rendering them similarly situated.

## II. Factual Background[1]

Aside from a brief hiatus in 2013, Plaintiff has worked for Defendant from in or about July 2008 to the present as a limousine driver. Plaintiff's First Amended Complaint, attached hereto as "Exhibit A" at ¶¶ 10-11. Although Plaintiff regularly works in excess of 40 hours per week while working for Defendant, Plaintiff has only been paid his base hourly rate for hours in excess of forty (40) and has not received one and one half times his hourly rate. Exhibit A at ¶ 16. Defendant has paid Plaintiff a service charge *labeled* as a tip in an attempt to deceive Plaintiff into believing that he is a tipped employee. Exhibit A at ¶ 19 (b). Plaintiff claims damages for the aforementioned actions pursuant to the FLSA. *See* Exhibit A.

Plaintiff also purports to state a collective action pursuant to the FLSA. Plaintiff has alleged that he and the putative collective of plaintiffs share similar job duties consisting of "performing routine shuttle services, limousine driving, and other local (intrastate) transportation services, consisting of solely non-exempt functions. Exhibit A at ¶ 13. Plaintiff also alleges that the members of the collective have also been paid an amount falsely labeled as gratuities. Exhibit A at ¶ 16. Plaintiff has pleaded limitations on the time period and geographic scope of employees to be included in the collective as well. Exhibit A at ¶¶ 1, 12.

---

[1] As Defendant's motion outlines the relevant facts, Plaintiff only provides a brief recitation of the facts, particularly those that were selectively omitted from Defendant's motion.

## III. Standard of Review for Motions Pursuant to Fed. R. Civ. P. 12(b)(6)

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In considering a motion to dismiss under Rule 12(b)(6), a court is required to "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.,* 292 F.3d 361, 375 n. 7 (3d Cir. 2002)). In a complaint, a district court is supposed to accept not only all allegations as true but all inferences arising from the allegations as true. *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997); *see also Fullman v. Pennsylvania Dept. of Corrections*, 265 Fed. Appx. 44 (3d Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)(internal quotation marks omitted). A court must look at the complaint with a two pronged analysis to determine if it meets this standard. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). First, threadbare recitals of the elements of a cause of action, supported only by conclusory statements will not survive. *Id.* (citing *Twombly*, 550 U.S. at 555). Secondly, only a complaint that states a plausible claim for relief—one that permits the court to infer more than the mere possibility of misconduct—survives. *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

## IV. Legal Argument

### A. Collective Actions under the FLSA

The penalty provision of the FLSA provides, in pertinent part, that:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves ***and other employees similarly situated***.

29 U.S.C. § 216(b) (emphasis added).

Courts of the Third Circuit routinely acknowledge collective actions brought by named plaintiffs on behalf of others who are *similarly situated*. *See e.g. Lawrence v. City of Philadelphia*, 2004 U.S. Dist. LEXIS 8445 (E.D. Pa 2004) (overruled on other grounds); *Titchenell v. Apria Healthcare Inc.*, 2011 U.S. Dist. LEXIS 129475 (E.D. Pa. 2011); *Chabrier v. Wilmington Fin., Inc.*, 2006 U.S. Dist. LEXIS 90756 (E.D. Pa. 2006).

After the named plaintiff(s) have had the opportunity for discovery, they are permitted to petition the Court to certify the collective action, at which time the parties with the assistance of the Court will determine what notice mechanism will be the most efficient. Trial Courts have the authority to certify the collective action and to determine proper methods of notice. *See e.g. Zavala v. Wal-Mart Stores Inc.*, (3d Cir. 2012); *Braunstein v. Eastern Photographic Laboratories*, Inc., 600 F.2d 335 (2d Cir. 1978); *Tucker v Labor Leasing*, 872 F Supp 941 (M.D. Fla. 1994); *Jacobsen v. Stop & Shop Supermarket Co.*, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. 2003). More specifically:

> Although the FLSA does not provide a definition for the term "similarly situated," in determining whether to allow certification under the FLSA, courts have generally recognized the two-stage approach set forth set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). *See Morisky*, 111 F. Supp. 2d at 497. The first stage in this test, commonly referred to as the notice

> stage, occurs early in the litigation process, when the court has minimal evidence. *Id.* This stage is a preliminary inquiry into whether the plaintiff's proposed class is constituted of similarly situated employees. At this stage, the court grants only conditional certification of the class for the purposes of notice and discovery, and this is done under a comparatively liberal standard. *Id.* ***Because at this first stage the court "usually has only minimal evidence before it," the "determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."*** *Id.* (quoting *Thiessen v. General Electric Capital Corp.*, 996 F. Supp. 1071, 1080 (D. Kan. 1998)). ***Some courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan [in violation of law]."*** *Id.*; *see also Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988).

*Zavala v. Wal-Mart Stores, Inc.*, 2010 U.S. Dist. LEXIS 63530, 4-6 (D.N.J. 2010) (affirmed at *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527 (3d Cir. 2012)).

**B. Plaintiff's putative collective**

In the case at hand, Plaintiff has alleged sufficient facts to define a collective of similarly situated employees. The putative collective is limited to employees performing limousine driving and shuttle services.[2] Plaintiff further limits this classification by stating that it is limited to people who worked in the same or similar capacity.[3] Most importantly, Plaintiff explicitly limits the collective to employees who Defendant compensated with payments falsely labeled as gratuities even though those gratuities are in actually flat flees.[4] Plaintiff has clearly alleged a

---

[2] "Plaintiff (as well as the putative collective class of plaintiffs) works for Defendant performing routine shuttle services, limousine driving, and other local (intrastate) transportation services, consisting solely of non-exempt functions." Exhibit A at ¶ 13.

[3] "The putative collective class of plaintiffs to this collective action consists of employees who worked for Defendant in the same or similar capacity as Plaintiff: providing limousine services consisting of solely non-exempt functions." Exhibit A at ¶ 14.

[4] "Plaintiff (as well as the putative collective class of plaintiffs) receive additional compensation *labeled* 'gratuities,' but these gratuities are in actuality flat fees / service charges that are built into the contracts between Defendant and its clients (rendering Defendant with a further unlawful alleged tip policy through state and federal law(s))." Exhibit A at ¶ 18; "Defendant paid Plaintiff, as well as the putative collective class of plaintiffs, a service charge (labeled a tip) in an attempt to deceive Plaintiff into believing that he was a tipped employee (under an unlawful alleged tip policy) even though he did not work in a job where he customarily received tips as defined by 29 CFR 531.50(b)." Exhibit A at ¶ 19 (b).

group of employees that are similarly situated to him: namely employees who perform routine shuttle or limousine services, are not paid overtime, and are paid an amount improperly labeled as gratuities. Plaintiff has alleged an illegal policy and purports to bring a collective action on behalf of the employees who are subjected to that policy. One would reasonably infer that Plaintiff's situation is precisely the type of situation that the drafters of the FLSA contemplated when incorporating the collective action provisions.

Courts often specifically look for a common pay policy as definitive evidence that renders the collective similarly situated. *Evancho v. Sanofi-Aventis U.S. Inc.*, 2007 U.S. Dist. LEXIS 93215, 7 (D.N.J. 2007) ("allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination are required.") Courts have even regularly held that when *informal* pay policies are applied to a group, that group is similarly situated for the purposes of a collective action under the FLSA.[5] Plaintiff has clearly alleged that he and the putative class of Plaintiff have been subjected to an illegal pay policy in which they are incorrectly labeled as tipped employees because the compensation paid to them that is labeled as gratuities is in actuality flat fees and/or service charges built in to Defendant's

---

[5] In *Burkhart-Deal v. Citifinancial, Inc.*, 2010 U.S. Dist. LEXIS 9534, 8-9 (W.D. Pa. 2010), the Court held:

> An unwritten policy or practice resulting in unpaid overtime, such as hinging management pay on meeting hours targets, may be actionable under the FLSA. *See Pereira v. Foot Locker, Inc.*, No. 7-2157, 261 F.R.D. 60, 2009 U.S. Dist. LEXIS 84022, at **17-18 (E.D. Pa. 2009). In such a case, ***a defendant's claim or defense that individualized circumstances of employees render the matter unsuitable for collective treatment may be more appropriately reviewed during step two of the certification process.*** *Id.* at *18; *see also Abercrombie v. Ridge*, 2009 U.S. Dist. LEXIS 102533, at **15-16 (W.D. Pa. 2009); Stanislaw, 2009 U.S. Dist. LEXIS 85056. 4 In sum, "[m]ost courts have held that in unpaid overtime 'off-the-clock' cases, the need to determine class members' damages on an individualized basis should not bar conditional certification if the proposed class is otherwise similarly situated." *Maynor v. Dow Chem. Co.*, No. 7-504, 2008 U.S. Dist. LEXIS 42488, at *25 (S.D. Tex. 2008).

contracts with its clients. Such allegations certainly suggest that Plaintiff has adequately alleged sufficient facts to state a collective under the FLSA.[6]

**V. Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that Defendants' Motion to Dismiss be denied.

Respectfully Submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/ Richard J. Albanese*
Richard J. Albanese, Esq.

Dated: August 4, 2014

[6] In the event that the Court determines in language within the Complaint to be inconsistent with an FLSA collective action, Plaintiffs must be allowed to amend the Complaint to cure the defect. *See Phillips v. County of Allegheny,* 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court **must** give a plaintiff the opportunity to amend her complaint") (emphasis added).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NATAN NAIDER<br><br>Plaintiff,<br><br>v.<br><br>A-1 LIMOUSINE, INC.<br><br>Defendant. | CIVIL ACTION<br>No.: 14-2212 |

**CERTIFICATE OF SERVICE**

I certify on the date set forth below, that I served Defendant with Plaintiff's Response to Defendant's Motion to Dismiss via ECF to the following counsel of record via ECF:

Wayne E. Pinkstone, Esquire
Jonathan D. Ash, Esquire
Princeton Pike, Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311

**KARP, KARPF & CERUTTI, P.C.**

*/s/ Richard J. Albanese*
Richard J. Albanese, Esq.

Dated: August 4, 2014