```
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATAN NAIDER<br><br>       Plaintiff,<br><br>- vs -<br><br>A-1 LIMOUSINE, INC.,<br><br>       Defendant. | ECF Case<br><br>Civil Action No. 3:14-CV-02212 (FLW)(TJB) |

# MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COLLECTIVE ALLEGATIONS

Wayne E. Pinkstone
Jonathan Ash
Fox Rothschild LLP
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, New Jersey 08648
Tel: (609) 896-3600
Fax: (609) 896-1469

*Attorneys for Defendant*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..................................................2

LEGAL ARGUMENT ....................................................................................................................3

PLAINTIFF'S COLLECTIVE CLAIMS UNDER THE FLSA
SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6).......................................................3

CONCLUSION................................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal,*
  129 S.Ct. 1937 (2009)................................................................................................3

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)....................................................................................................3

*Hodczak v. Latrobe Specialty Steel Co.,*
  2009 WL 911311 (W.D. Pa 2009)..............................................................................4

*Pickering v. Lorillard Tobacco Co., Inc.,*
  2011 WL 111730 (M.D. Ala., Jan. 13, 2011).............................................................4

*Smith v. Lyons, Doughty & Veldhuius, P.C.,*
  2008 WL 2885887 (D.N.J. July 23, 2008).................................................................4

*St. Croix v. Genentech, Inc.,*
  2012 WL 2376668 (M.D. Fla. 2012) ......................................................................3, 4

**OTHER AUTHORITIES**

Fed. Rul. Civ. P. 12(b)(6) ................................................................................................6

## PRELIMINARY STATEMENT

In opposition to the Motion to Dismiss filed by Defendant A-1 Limousine, Inc. ("A-1"), plaintiff Natan Naider (the "Plaintiff") does nothing but restate the conclusory allegations set forth in the First Amended Complaint (the "Amended Complaint"). By doing so, Plaintiff has conclusively demonstrated that there is not a sufficient factual basis for the collective action, but rather the inclusion of that claim is merely a transparent attempt to expand the scope of this litigation. While Plaintiff states that he adequately alleged a pay practice that affected *him*, there are insufficient facts plead in the Amended Complaint to demonstrate that this practice applied to any other "similarly situated" person. Instead, it appears that Plaintiff is improperly relying solely on discovery to find these people.

Plaintiff's Amended Complaint fails to satisfy the requisite pleading standards and should be dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant A-1 Limousine, Inc. ("A-1"), incorporates by reference the Factual Background in A-1's Brief in Support Of Its Motion to Dismiss and/or Strike the collective action claims of the First Amended Complaint Filed by Plaintiff Natan Naider (the "Plaintiff").

## LEGAL ARGUMENT

### PLAINTIFF'S COLLECTIVE CLAIMS UNDER THE FLSA SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

As set forth previously, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 556). In order to state a collective action claim under the Fair Labor Standards Act ("FLSA") Section 216(b), Plaintiff must include well-pled allegations regarding his job description and pay provisions, as well as the job requirements and pay provisions of the "similarly situated" employees. *See St. Croix v. Genentech, Inc.*, 2012 WL 2376668 at *2 (M.D. Fla. 2012). Stating simply that these other employees provide "limousine services consisting of solely non-exempt functions" is conclusory and lacks the information necessary to maintain the claim.

In *St. Croix*, plaintiff brought claims against her employer for allegedly wrongfully withheld overtime payments under the FLSA. *Id.* at * 1. The plaintiff also attempted to bring a collective action claim on behalf of other employees, including, according to plaintiff's pleadings, "numerous individuals who were similarly situated." *Id.* at *2-3. The *St. Croix* court held that the allegations in the complaint amounted to "legal conclusions that do not satisfy the *Iqbal* and *Twombly* pleading standards." *Id.* The court therefore dismissed plaintiff's collective action claim on the basis that the complaint was factually deficient in that it did not provide an adequate description of plaintiff's duties and job title, did not describe the job requirements of the other employees, and did not describe the relevant pay provisions. *Id.* at *3. *See also*

3

*Pickering v. Lorillard Tobacco Co., Inc.*, 2011 WL 111730 (M.D. Ala., Jan. 13, 2011) (dismissing FLSA complaint asserting collective action claims for failure to provide plaintiff's job description and for failure to provide job descriptions or payment provisions of other employees)

Like the decisions in *St. Croix* and *Pickering*, Plaintiff's Amended Complaint fails to assert any allegations regarding the pay provisions of the other employees referenced and provides little to no information regarding their job requirements. Rather, Plaintiff offers conclusory statement that "the putative collective class of plaintiffs to this collective action consists of employees who work for Defendant in the same or similar capacity as Plaintiff: providing limousine services consisting of solely non-exempt functions." *See* Amended Complaint ¶14. No other similarities between job requirements or pay provisions are alleged. Plaintiff's conclusory statements as to the "similarly situated" employees clearly do not satisfy the pleading standards of Rule 12(b)(6). *See, e.g, St. Croix, supra*, 2012 WL 2376668. The references made by Plaintiff to these employees must be struck and any collective action claim dismissed.

Plaintiff seems to suggest that his claim should survive this Motion, despite its deficiencies, because he should be permitted to seek discovery as to the scope of the alleged improper pay practice to establish the putative collective class. However, in *Hodczak v. Latrobe Specialty Steel Co.*, 2009 WL 911311 *9 (W.D. Pa 2009) the court stated "discovery may be appropriate in certain cases prior to the notice phase to assist the plaintiffs in identifying potential class members, that does not relieve plaintiffs of their obligation of filing a properly pled complaint in the first instance demonstrating that they are entitled to that discovery." Moreover, in *Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 WL 2885887 at *5 (D.N.J. July

23, 2008) the Court rejected the plaintiff's argument that dismissal of the class action claims was premature because discovery was needed to uncover supporting facts, finding that "[t]he purpose of discovery is to uncover evidence of the facts pleaded in the Complaint" and "should not serve as a fishing expedition during which Plaintiff searches for evidence in support of facts he has not yet pleaded." Similarly, here, Plaintiff is attempting to expand the scope of his Amended Complaint by claiming a collective action without sufficiently pled facts in the hope that discovery will uncover those facts. This is inappropriate and demonstrates that dismissal is warranted.

ACTIVE 26568944v1 08/11/2014

## CONCLUSION

For the reasons set forth above, pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, the Court should dismiss Plaintiff's collective action allegations and grant such other and further relief as it deems just and proper.

FOX ROTHSCHILD, LLP

By: _s/ Wayne E. Pinkstone_

    Wayne E. Pinkstone
    Jonathan Ash
    Princeton Pike Corporate Center
    997 Lenox Drive, Building 3
    Lawrenceville, New Jersey 08648
    *Attorneys for Defendant*

Dated:   August 11, 2014