*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATAN NAIDER,<br><br>　　　　　　Plaintiff<br><br>　　　v.<br><br>A-1 LIMOUSINE, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 14-2212 (FLW)<br><br>OPINION |

**WOLFSON, United States District Judge:**

　　This civil action, brought by Plaintiff Natan Naider ("Plaintiff"), arises out of allegations that Defendant A-1 Limousine, Inc. ("Defendant") violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), for failure to pay overtime wages to Plaintiff and other similarly situated employees. Presently before the Court is a motion to dismiss filed by Defendant, arguing that Plaintiff has failed to sufficiently plead a valid collective action under the FLSA because Plaintiff does not make substantial allegations that other employees were treated similarly. For reasons set forth below, the Court **DENIES** Defendant's motion.

BACKGROUND

　　For the purpose of this motion, the Court will take the allegations in the Complaint as true, and only recount pertinent facts. Plaintiff was hired by Defendant on July 18, 2008 as a limousine driver. Compl. ¶ 11. Defendant also hired other drivers during the 3 year period prior to the filing of the Complaint, who performed

similar job functions as Plaintiff. Compl. ¶¶ 12-13. According to the Complaint, Plaintiff and other drivers routinely worked in excess of 40 hours a week, but were compensated for the same hourly rate for all hours worked, regardless of whether any of those hours were overtime. Compl. ¶¶ 15-17. Plaintiff avers that although he and other drivers received additional compensation in the form of "gratuities," these gratuities are not tips for the purpose of FLSA because Defendant charged them as flat fees/service charges that were not at the discretion of the customers. Compl. ¶¶ 18-19. Therefore, Plaintiff alleges that he and other similarly situated employees are entitled to overtime compensation for hours worked in excess of 40 hours a week during the relevant period, which is one and one half times the base hourly rate as required by the FLSA. Compl. ¶¶ 29-30.

In the instant matter, Defendant moves to dismiss the collective action allegations on the basis that Plaintiff has failed to provide factual averments that other employees, i.e., drivers, were denied overtime compensation. Thus, Defendant claims that Plaintiff's collective action under the FLSA cannot stand.

## STANDARD OF REVIEW

Under Rule 12(b)(6), "courts are required to accept all well-pleaded allegations in the complaint as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008) (citing *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 215-16 (3d Cir. 2002)). However, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555 (2007). The pleading must contain more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555) (internal citations and quotations omitted). Thus, a complaint will survive a motion to dismiss if it contains "sufficient factual matter, as accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570) (internal citations and quotations omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

Under the FLSA, "[a]n action to recover the liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). When an employee brings an action against an employer on behalf of other similarly situated employees, this is commonly known as a "collective action." *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1527 (2013).

"In deciding whether a suit brought under § 216(b) may move forward as a collective action, courts typically employ a two-tiered analysis. During the initial phase, the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff. If the plaintiff carries her burden at this threshold stage, the court will 'conditionally certify' the collective action for the purposes of notice and

pretrial discovery." *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011). Plaintiff must make a "modest factual showing" that the prospective party plaintiffs are similar situated. *Id.* at 192-93. Under the "modest factual showing" standard, Plaintiff must "produce some [allegations], beyond speculation, of a factual nexus between the manner in which the employer's alleged policy affected him and the manner in which it affected other employees." *Id.* at 193.

In the instant matter, although Plaintiff has not moved for an initial certification of the collective action, Defendant is seeking to preemptively strike the collective action claims based on insufficient pleadings. However, the Court finds that Plaintiff has made sufficient factual allegations, assessed through the lens of 12(b)(6), that could state a collective action. In the Complaint, Plaintiff alleges a specific class of employees as being similarly situated: employees who only "perform[ed] routine shuttle services, limousine driving, and other local (intrastate) transportation services, consisting solely of non-exempt functions." Compl. ¶ 13. Essentially, employees who are similarly situated are drivers hired by Defendant to provide transportation services. Plaintiff does not allege that any other types of employees are similarly situated. Importantly, Plaintiff alleges that the subject policies in violation of the FLSA -- no overtime hourly wages and the use of flat fees/service charges as de facto gratuities -- are practices that apply to all similarly situated employees. In fact, there is no allegation that Plaintiff, and no one else, was individually subjected to these policies; indeed, Plaintiff alleges that these practices and policies were applicable to all putative plaintiffs. Compl. ¶¶ 17-19.

In that regard, for the purposes of this motion, Defendant does not dispute that Plaintiff was subjected to the alleged practices, but argues instead that the Complaint lacks any substantial allegations that these practices applied to similarly situated employees. However, at this juncture, based on Plaintiff's pleadings, it is reasonable for the Court to infer that all drivers, employed by Defendant, were treated similarly. Accordingly, Plaintiff's collective action allegations are "enough to raise a right to relief above the speculative level" that would lead to the discovery of other similarly situated employees. *See Evancho v. Sanofi-Aventis U.S. Inc.*, 2007 U.S. Dist. LEXIS 93215, at *7 (D.N.J. Dec. 19, 2007) (stating that "allegations that putative class members were together the victims of a single decision, policy, or plan" are sufficient to establish that members are similarly situated); *see, e.g.*, *Felix De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) (holding that allegations that employees that were (1) all production employees, and (2) employer failed to pay these employees minimum wage and overtime wages, were sufficient to establish that the employees were similarly situated for the purpose of FSLA when the case was still in the pre-discovery stage); *Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72, 93 (3d Cir. 2011) ("[Only in a] rare [case does] the complaint itself demonstrate[] that the requirements for maintaining a class action have not been met.").

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **DENIED**. An appropriate Order shall follow.

Dated:   October 8, 2014                    /s/ Freda L. Wolfson
                                            Hon. Freda L. Wolfson
                                            United States District Judge